Raymond Cammack, Ph.D. Chairperson Faculty Affairs Committee Southern Arkansas University Magnolia, AR 71753
Dear Dr. Cammack:
This office has received your request for an opinion on the following questions:
 1. What is the precise legal meaning and limits of the word "responsibilities" in the first sentence of the "Acceptance of Responsibility" form? How much personal liability is involved in using private automobiles on State business under the new system? To what extent is the State's insurer legally responsible for accidents which occur while a faculty member is in his private vehicle on a trip for which he will receive partial or full reimbursement?
 2. Is the insurer's liability different if the faculty member is traveling on job-essential university business (i.e., to supervise student teachers or to recruit athletes for the school's team) from that if he is traveling on optional University business (i.e., to attend a professional conference or a research seminar)?
 3. How does the second sentence of the first paragraph affect persons with tenure?
 4. How will "freedom of information" laws apply to the information the University is authorized to collect under the new system? Will the amount of insurance each signee is carrying become a matter of public record and therefore a possible target as a "deep-pocket" defendant in legal proceedings?
 5. Why is "resisting arrest" given a point value when it is not included on the state driving record? Will this new point system supersede the system already used for traffic violations reports from the Revenue Division of the Department of Finance and Administration? How constitutional is the policy of assessing an operator one-half the stated points for "any violation or event occurring while he is driving his personal vehicle on personal time"?
In response to question 1, Black's Law Dictionary defines a responsibility as "The obligation to answer for an act done, and to repair any injury it may have caused." The word "responsibilities" in the first sentence of the acceptance and responsibility form means that a state employee must operate a state vehicle or a private vehicle on state business in a safe manner and within the laws of Arkansas. An additional responsibility placed on the employee is to wear a seatbelt while operating a state vehicle or a private vehicle on state business. Under the new system, a person's personal insurance company would be primarily liable for any accident which occurred when that person was using his or her private automobile on state business and the state's insurer would be secondarily liable. The state's insurer would be secondarily responsible for accidents which occur while a faculty member is in his private vehicle on a trip for which he would receive partial or full reimbursement.
In response to question No. 2, the state's insurer will be primarily liable if the faculty member is driving a state car on job-essential University business or on optional University business.
In response to question No. 3, a person with tenure will be treated just as any other state employee. Therefore a tenured professor might lose access to the use of a state vehicle or private mileage reimbursement if he or she failed to reasonably execute his or her responsibilities.
In response to question No. 4, under Act 49 of 1987 information in a state employee's personnel file concerning his or her driving record would be open to the public under the Arkansas "Freedom of Information" laws only if the employee's driving record was the basis for his or her termination or suspension from his/her job with the state and that the suspension or termination had been administratively resolved prior to the request for the driving record. Act 49 of 1987 provides in pertinent part:
 Provided, however, that all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only (1) upon final administrative resolution of any suspension of [or] termination proceeding at which such records form a basis for the decision to suspend or terminate the employee, and (2) if there is a compelling public interest in their disclosure.
The amount of insurance each signee is carrying would not be available through the freedom of information laws because disclosure of that fact would be an unwarranted invasion of the employee's personal privacy.
In response to question No. 5, "resisting arrest" will only be given a point value when it is in conjunction with a traffic violation or is directly related to a misdemeanor or felony concerning the operation of an automobile. The new point system will not supersede the system used by the Revenue Division of the Department of Finance and Administration. The policy of assessing an operator one-half the stated points for any violation occurring while he is driving his personal vehicle on personal time is constitutional. The state has an interest in how an employee operates his or her own vehicle on his or her own time because the state's insurer looks at the employee's total driving record and not just his or her driving record while he or she is driving on state time.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Bill Luppen.